_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

_____

Case No. 8:23-cv-01465-FWS-DFM            Date: February 7, 2025
Title: Mapsong PC v. Aetna Life Insurance Company

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION TO DISMISS [48]**

Before the court is Defendant Aetna Life Insurance Company LLC's ("Defendant") Motion to Dismiss Plaintiff Mapsong PC's ("Plaintiff") Third Amended Complaint. (Dkt. 48 ("Motion" or "Mot.").) Plaintiff opposes the Motion, (Dkt. 51 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 52 ("Reply")). The court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for February 20, 2025, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.   Background[1]**

Plaintiff is a healthcare provider that provided behavioral health services to patients insured by Defendant. (Dkt. 48 ("Third Amended Complaint" or "TAC") ¶¶ 3-4, 8-9.) Prior to

---

[1] For purposes of the Motion, the court accepts the factual allegations in the [Third Amended] Complaint as true and construes the pleadings in the light most favorable to Plaintiff. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

_____

CIVIL MINUTES – GENERAL

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

___

Case No. 8:23-cv-01465-FWS-DFM                                   Date: February 7, 2025

Title: Mapsong PC v. Aetna Life Insurance Company

treating the patients, Plaintiff alleges it "contacted [Defendant] and/or its agents via telephone to verify eligibility for coverage and request authorization" and Defendant "and/or its agents issued authorization to cover the full extent of services provided." (*Id.* ¶ 19.) After treating the patients, Plaintiff billed Defendant $187,000.00 but received payments totaling only $5,490.65, which Plaintiff alleges leaves Plaintiff undercompensated by $181,509.35. (*Id.* ¶¶ 20-21, 29-30.)

Previously, the court granted Defendant's motion to dismiss Plaintiff's original Complaint (Dkt. 1-1 ("Complaint")) with leave to amend. (Dkt. 32 ("Order").) On March 8, 2024, Plaintiff filed the First Amended Complaint. (Dkt. 33.) On October 8, 2024, Plaintiff filed the Second Amended Complaint. (Dkt. 43.) Thereafter, on October 30, 2024, Plaintiff filed the TAC, the operative complaint in this case. (Dkt. 48.)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a

___

---

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES – GENERAL | **JS-6** |
|---|---|

| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
|---|---|
| Title: Mapsong PC v. Aetna Life Insurance Company | |

---

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No. 8:23-cv-01465-FWS-DFM                               Date: February 7, 2025
Title: Mapsong PC v. Aetna Life Insurance Company

___

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

## III. Discussion

In the TAC, Plaintiff alleges claims for (1) breach of implied contract, (2) unjust enrichment, (3) quantum meruit, (4) account stated, and (5) violation of California's Unfair Competition Law ("UCL"). (TAC ¶¶ 32-89.) In the Motion, Defendant argues Plaintiff fails to sufficiently plead each of its claims. (*See generally* Mot.) Analyzing each claim in turn, the court agrees.[2]

### A. Breach of Implied Contract

___

[2] "Because the Court determines that [Plaintiff's] claims are all insufficiently pled, it need not address [Defendant's] arguments that its claims as to certain patients are preempted by FEHBA or ERISA." *Treadstone Servs. v. Blue Shield of California Life & Health Ins. Co.*, 2024 WL 2002999, at *2 (C.D. Cal. Mar. 27, 2024), *appeal dismissed*, 2024 WL 4750508 (9th Cir. Aug. 28, 2024) (citing *Cader v. Wells Fargo, NA*, 2011 WL 13254124, at *8 (N.D. Cal. Dec. 19, 2011) ("The Court need not address preemption because the FAC fails to state a claim."); *Clark v. Westbrae Nat., Inc.*, 2021 WL 1580827, at *6 (N.D. Cal. Apr. 22, 2021) ("Because the Court has concluded that Plaintiff's SAC fails to state a claim, it need not and does not address Defendant's preemption, standing, or restitution arguments.")).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

___

Case No. 8:23-cv-01465-FWS-DFM                                      Date: February 7, 2025
Title: Mapsong PC v. Aetna Life Insurance Company

___

  Defendant argues that Plaintiff still fails to plead sufficient facts that there was an implied agreement among the parties for Defendant to pay a specific amount or rate for the services Plaintiff provided. (Mot. at 19.) "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted). The essential elements of a contract under California law are (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. Cal. Civ. Code § 1550. A contract under California law may be express or implied. *Id.* § 1619. An implied contract's existence and terms "are manifested by conduct." *Id.* § 1621; *see also Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1050-51 (9th Cir. 2015) (noting "[a]n implied-in-fact contract requires proof of the same elements necessary to evidence an express contract" and that the distinction between the two "lies merely in the mode of manifesting assent") (cleaned up).). "The only distinction between an implied-in-fact contract and an express contract is that, in the former, the promise is not expressed in words but is implied from the promisor's conduct." *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 794 (1953). "To sufficiently allege an implied contract claim, a plaintiff 'must allege facts about the specific terms of its agreement or agreements with a defendant.'" *Treadstone*, 2024 WL 2002999, at *2 (quoting *ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*, 2019 WL 4137624, at *6 (C.D. Cal. June 14, 2019) *affirmed in relevant part in ABC Servs. Grp., Inc. v. Aetna Health & Life Ins. Co.*, 2022 WL 187849, at *1 (9th Cir. Jan. 20, 2022)).

  When a service provider plaintiff seeks payment for its services under an implied contract theory, courts require specific evidence of an agreed price. *See, e.g., Cal. Spine and Neurosurgery Inst. v. United Healthcare Servs., Inc.*, 2018 WL 6074567, at *4 (C.D. Cal. June 28, 2018) ("The facts alleged include specific names and dates of the calls between Plaintiff and Defendant regarding payment for Patient's services, what the services would be, what was said, and by whom—including that Defendant agreed to pay a specific price."); *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, 2020 WL 2027955, at *3 (C.D. Cal. Jan. 6, 2020) ("For each patient, Bristol alleges what type of treatment was being sought and how long the course of treatment was expected to last . . . Bristol further alleges a specific billing rate pegged to a

___

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01465-FWS-DFM         Date: February 7, 2025

Title: Mapsong PC v. Aetna Life Insurance Company

percentage of the usual, customary and reasonable rate, and alleges a different rate depending on whether or not the patient had met his or her out-of-pocket maximum. In each of the follow-up calls, Sure Haven was ensured the payment would be made at the previously agreed upon rate."), *rev'd on other grounds*, 22 F.4th 1086 (9th Cir. 2022).

In this case, "Plaintiff still fails to allege facts demonstrating a meeting of the minds regarding the key term in dispute – the price of the services rendered." *Ata Mazaheri, M.D., Inc. v. United Healthcare Ins. Co. Inc.*, 2023 WL 5167362, at *3 (C.D. Cal. July 10, 2023). Plaintiff alleges that the "verification, authorization, and request by Defendant[] that [Plaintiff] treat Patients amounted to an agreement" that "Defendant[] would pay or reimburse [Plaintiff] the fees for the services provided at 100% of [Plaintiff]'s billed charges." (TAC ¶ 39.) Plaintiff further claims that "by previously agreeing to pay, and actually paying, [Plaintiff] 100% of its billed charges, [Defendant] created an agreement in which it was financially responsible for the services provided by [Plaintiff] to patients." (*Id.* ¶ 40.) But "Plaintiff fails to state any facts that would support a meeting of the minds or an agreement with specific terms." *ABC Servs. Grp.*, 2019 WL 4137624, at *6. Critically, the court finds there is no indication that the parties had a meeting of the minds regarding "the basic terms, like what services were to be provided, who would provide them, the cost, or the time frame." *TML Recovery, LLC v. Humana Inc.*, 2019 WL 3208807, at *4 (C.D. Cal. Mar. 4, 2019). Plaintiff's allegations that a service provider "expected to be paid based on verification of benefits [with patients' insurance provider], trade custom, and prior course of dealing" are not sufficient to allege an implied contract. *Id.*; *see Treadstone*, 2024 WL 2002999, at *6-7 ("Put differently, the communications [plaintiff] alleges it had with [defendant] do not reflect an implied promise by [defendant] to pay the full amount of [plaintiff's] billed charges for the services the relevant patients received.").

Accordingly, the court concludes the TAC does not sufficiently allege the existence of an implied contract and **DISMISSES** Plaintiff's claim for breach of implied contract.

B.     **Quantum Meruit**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

Defendant contends Plaintiff's quantum meruit claim should be dismissed because the TAC does not adequately allege Defendant requested Plaintiff perform medical services for the insured patients or that Defendant received a benefit from Plaintiff treating those patients. (Mot. at 25-26; Reply at 15-16.)  Plaintiff maintains providing services to patients insured by Defendant benefitted Defendant and that Defendant's authorization was a request to perform the services. (Opp. at 22-24.)

"Quantum meruit is an equitable theory which supplies, by implication and in furtherance of equity, implicitly missing contractual terms.  Contractual terms regarding a subject are not implicitly missing when the parties have agreed on express terms regarding that subject." *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1419 (1996); *see also In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1273 (9th Cir. 1992) ("The whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—express or implied—with those defendants.").  "Quantum meruit is based *not* on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation." *In re De Laurentiis Ent.*, 963 F.2d at 1272 (citation omitted).  "To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of Cal.*, 115 Cal. App. 4th 782, 794 (2004)

The court concludes the TAC does not sufficiently plead that Defendant requested the services in question nor that Defendant benefitted from Plaintiff providing those services.  First, the court notes that it was the patients, not Defendant, that requested the medical services. *See Stanford Health Care v. Blue Cross Blue Shield of N.C., Inc.*, 2022 WL 195847, at *9 (N.D. Cal. Jan. 21, 2022) ("Since BCBS's patients allegedly requested the services at issue in this case, and Stanford allegedly initiated contact with BCBS to verify coverage and seek authorization, Stanford has not adequately alleged that BCBS requested the services at issue.") (collecting cases); *Treadstone*, 2024 WL 2002999, at *11 ("At most, Blue Shield verified coverage and indicated that it would allow for treatment, not that Blue Shield actually requested

___

CIVIL MINUTES – GENERAL

7

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

that Treadstone provide the services."). Second, the services Plaintiff provided did not benefit Defendant because "services provided by medical providers to patients do not inure to the benefit of insurers." *Armijo v. ILWU-PMA Welfare Plan*, 2015 WL 13629562, at *24 (C.D. Cal. Aug. 21, 2015); *see Stanford Health Care*, 2022 WL 195847, at *10 ("Stanford can only plausibly allege a direct benefit to BCBS's members, which courts have consistently found not to be sufficient for a quantum meruit claim").

Plaintiff's citation to *San Joaquin Gen. Hosp. v. United Healthcare Ins. Co.*, a case in which a court found that similar circumstances could create a quantum meruit claim, 2017 WL 1093835, at *3 (E.D. Cal. Mar. 23, 2017, does not save Plaintiff's quantum meruit claim. (*See* Opp. at 23.) That case "appears to be an outlier." *Stanford Health Care*, 2022 WL 195847, at *10 (noting that *San Joaquin* is "substantially outweighed by multiple cases dismissing similar quantum meruit claims in the Northern District and California state courts."). Further, *San Joaquin* was decided without the benefit of *Pacific Bay Recovery, Inc. v. California Physicians' Services, Inc.*, in which the California Court of Appeal rejected the argument that similarly "conclusory allegations that [Defendant] requested [Plaintiff] treat the subscriber" sufficiently alleged a quantum meruit claim. 12 Cal.App.5th 200, 215 (2017).

Accordingly, the court **DISMISSES** Plaintiff's quantum meruit claim.

### C.   Unjust Enrichment

Defendant submits the court should dismiss Plaintiff's unjust enrichment claim because there is no separate cause of action for unjust enrichment under California law and the TAC does not adequately plead Defendant received an unjust benefit. (Mot. at 25; Reply at 14-15.) Plaintiff maintains that Defendant failing to compensate Plaintiff for the full amount of services Defendant provided to insured patients is sufficient to allege an unjust enrichment claim. (Opp. at 21-22.)

Courts are split on whether California provides a separate cause of action for unjust enrichment. *See ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)

_____

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

---

Case No. 8:23-cv-01465-FWS-DFM          Date: February 7, 2025

Title: Mapsong PC v. Aetna Life Insurance Company

---

("Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action.") (comparing *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014) with *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)).  However, while the Ninth Circuit has recognized that "in California, there is not a standalone cause of action for 'unjust enrichment,'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell*, 183 Cal. App. 4th at 1370; *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (2008)), it has simultaneously permitted courts to "construe the cause of action as a quasi-contract claim seeking restitution," *id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)); *see also ESG Cap. Partners*, 828 F.3d at 1038 ("[T]his Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract.") (citation omitted).  Additionally, the California Supreme Court has suggested that "a direct action" for "unjust enrichment" may lie in certain circumstances.  *See Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000-08 (2015).

To the extent it is recognized as a separate cause of action, "[t]he elements of an unjust enrichment claim are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 970 (S.D. Cal. 2021) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).  "The fact that one person benefits another is not, by itself, sufficient to require restitution.  The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (citation omitted).

In this case, assuming a separate cause of action for unjust enrichment exists, the court finds Plaintiff fails to adequately allege that Defendant unjustly retained a benefit at the expense of Plaintiff.  Plaintiff alleges that Defendant benefitted from the services that Plaintiff provided because "the Patients were provided with medical care and treatment the Defendant [was] obliged to provide or arrange for the Patient." (TAC ¶ 67.)  This is the same position, however, that this court rejected in its order granting the previous motion to dismiss. (Order at 7 ("[A]uthority supports Defendant's position that it received no benefit from Plaintiff treating

---

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

patients insured by Defendant.").)  And the court finds Plaintiff does not plead sufficient additional facts to overcome the authority described in the court's past Order that shows Plaintiff fails to adequately allege Defendant received a benefit when Plaintiff treated the patients.  *Armijo*, 2015 WL 13629562, at *24 ("[S]ervices provided by medical providers to patients do not inure to the benefit of insurers.") (citing *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 156 (2001)); *IV Sols., Inc. v. United HealthCare Servs., Inc.*, 2017 WL 3018079, at *11 (C.D. Cal. July 12, 2017) (finding quasi-contract claim failed because "it was [insurer's] members, not [insurer] itself, who benefitted from [provider's] services").  Therefore, the court finds the TAC inadequately pleads an unjust enrichment claim.  Accordingly, the court **DISMISSES** Plaintiff's unjust enrichment claim.

### D. Account Stated

Defendant asserts Plaintiff's account stated claim fails because the TAC does not adequately allege a history of transactions between Defendant and Plaintiff, that they agreed to a balance on an outstanding debt Defendant owed to Plaintiff, or that Defendant promised to pay such an amount to Plaintiff.  (Mot. at 26-27; Reply at 16-17.)  Plaintiff argues the TAC adequately pleads a cause of action based on an account stated as a common count.  (Opp. at 24-25.)

California law considers an "account stated" cause of action to be a "common count" under California law.  *See, e.g.*, *Fagelbaum & Heller LLP v. Smylie*, 174 Cal. App. 4th 1351, 1355 (2009).  "The common count is a general pleading which seeks recovery of money without specifying the nature of the claim."  *Title Ins. Co. v. State Bd. of Equalization*, 4 Cal. 4th 715, 731 (1992) (quoting 5 Witkin, Cal. Procedure § 998 (3d ed. 1985)) (citation omitted).  While California law provides that "common counts are 'sufficient to state a cause of action,'" *Ladewig v. Bank of New York Mellon Corp.*, 2020 WL 7084541, at *3 (C.D. Cal. Sept. 22, 2020) (quoting *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 793 (1953)), "that rule of California procedure does not apply in federal court," *Ladewig*, 2020 WL 7084541, at *3 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)).

___

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

"An account stated is a document—a writing—which exhibits the state of account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract." *Gardner v. Watson*, 170 Cal. 570, 574 (1915) (citation omitted). "The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969) (citation omitted). "The key element in every context is agreement on the final balance due." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987) (citation omitted).

In this case, the court finds Plaintiff still fails to plausibly allege a cause of action for account stated. This court previously dismissed Plaintiff's account stated cause of action because Plaintiff failed to "sufficiently allege the parties explicitly agreed Defendant would pay the discrepancy between the amounts billed and paid." (Order at 9.) In the TAC, Plaintiff alleges that they billed Defendant for "their reasonable and customary rates based on fees published on the website www.fairhealthconsumer.org, which were available to Defendant[]." (TAC ¶ 78.) However, the court finds Plaintiff's allegation that its rates were available to Defendant is not sufficient to allege an *agreement* by Defendant that Defendant would pay that amount whenever Plaintiff received prior authorization from Defendant. *See Treadstone*, 2024 WL 2002999, at *12 ("[Defendant's] general allegations that it previously provided services to Blue Shield members for which Blue Shield paid the full billed charges are insufficient to plausibly allege that the parties intended for an open book account to be created for [plaintiff's] full billed charges each time [plaintiff] later contacted [defendant] to seek prior authorization.") (citing *Maggio Inc.v. Neal*, 196 Cal. App. 3d 745, 752 (Ct. App. 1987)); *Mapsong PC v. Blue Shield of Cal. Life & Health Ins. Co.*, 2024 U.S. Dist. LEXIS 57068, at *8-9 (C.D. Cal. Mar. 27, 2024) ("Plaintiff fails to plausibly allege that there was any agreement between the parties that the amount Plaintiff billed Defendants for the services it rendered to patients was a true and accurate reflection of the amount Defendants owed Plaintiff for the services.").

---

CIVIL MINUTES – GENERAL

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01465-FWS-DFM                                  Date: February 7, 2025
Title: Mapsong PC v. Aetna Life Insurance Company

___

The court concludes the TAC does not sufficiently allege the elements of a claim based on an account stated. Therefore, the court **DISMISSES** Plaintiff's account stated claim.

### E.      Violation of the UCL

Defendant argues Plaintiff's UCL claim fails because the TAC fails to allege an inadequate remedy at law necessary for the equitable relief Plaintiff seeks under the statute and does not allege a violation of any of the statute's three prongs. (Mot. at 20-25; Reply at 13-14.) Plaintiff responds that the alleged underpayment states a claim under the unfair prong of the UCL, and maintains it appropriately seeks restitution as a remedy under the UCL. (Opp. at 18-21.)

The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'" *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 320 (2011). "A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices." *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 173 (2000). To have standing to bring a UCL claim, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset*, 51 Cal. 4th at 322.

To succeed in their claim, a plaintiff must show the defendant violated either the "unlawful," "unfair," or "fraudulent" prong of the UCL. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ("Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.") (citation and internal quotation marks omitted). The "unlawful" prong of the statute "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* (citation and internal quotation marks omitted). "A business

___

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (citing *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008)). The Ninth Circuit has recognized three tests courts employ to determine if a practice is "unfair" under the UCL: (1) "whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law"; (2) "whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or (3) "whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010); *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009)).

Based on the record, the court agrees with Defendant that Plaintiff has not sufficiently alleged an inadequate remedy at law. A plaintiff seeking equitable relief under the UCL[3] in federal court must comply with traditional equitable principles, including establishing that there is no adequate remedy at law available. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313-15 (9th Cir. 2022). This court previously dismissed plaintiff's UCL claim because it was based "on the same conduct as Plaintiff's claims seeking monetary damages." (Order at 11.) In their opposition, Plaintiff argues that it is unsettled "whether plaintiffs should be barred from pleading claims for equitable relief under the UCL and other causes of action if they have alleged a claim that would provide an adequate remedy at law." (Opp. at 20.) But Plaintiff does not cite legal authority after the Ninth Circuit's decision in *Sonner*, which held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." 971 F.3d at 843. Because Plaintiff's UCL claim in the TAC is still based on the same conduct as their claims seeking money damages, the UCL claim must be dismissed. *See Prime Surgical Affiliates Inc. v. Aetna Health California, Inc.*, 2024 WL 1824993 (C.D.

___

[3] "[T]he UCL provides only for equitable remedies." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006).

___

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

Cal. Mar. 4, 2024), at *33 (dismissing UCL claim based on underpayment allegation because the "cause of action for violation of California's UCL is entirely derivative of the other claims that are insufficiently pled in the SAC"); *see also Aton Ctr., Inc. v. Regence Blue Shield of Wash.*, 2020 WL 4747754, at *8 (S.D. Cal. Aug. 17, 2020) (dismissing UCL claim based on allegations defendant improperly paid plaintiff only a fraction of the amount plaintiff billed defendant for the cost of treating patients insured by defendant because it was "incidental to and depend[ent] upon the validity (or invalidity) of the preceding claims for relief" and therefore "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action") (quoting *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001)). Accordingly, the court **DISMISSES** Plaintiff's UCL claim.

      **F.**     **Leave to Amend**

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). In this case, the court finds granting Plaintiff leave to amend its claims would not serve any purpose because to grant it would be futile. *See id.* This is Defendant's second motion to dismiss Plaintiff's pleading against it on the exact same basis. (*See generally* Order.) In the Order, the court explained precisely what was deficient about Plaintiff's pleading, including why and how Plaintiff failed to adequately allege each of the claims asserted in the Complaint. (*See generally id.*) The court gave Plaintiff an opportunity to cure the specifically-identified deficiencies, and Plaintiff amended their pleading in an effort to do so. (*Compare* Complaint *with* TAC.) However, the court has now found that despite amendment, Plaintiff still fails to sufficiently allege any cause of action. "Nothing in the record suggests that [Plaintiffs] could allege any new facts that would suffice to plausibly state its claims, and [Plaintiffs] do[] not offer any explanation regarding how further amendment could cure the identified deficiencies." *Treadstone Servs. v. Blue Shield of California Life & Health Ins. Co.*, 2024 WL 2002999, at *6 (C.D. Cal. Mar. 27, 2024); *see also Vieira v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1132-33 (C.D. Cal. 2019), *aff'd,* 845 F. App'x 503 (9th Cir. 2021) ("The Court denies leave to amend because Plaintiffs have not explained how further

___

CIVIL MINUTES – GENERAL

_____

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES – GENERAL | **JS-6** |

| | |
|---|---|
| Case No. 8:23-cv-01465-FWS-DFM | Date: February 7, 2025 |
| Title: Mapsong PC v. Aetna Life Insurance Company | |

amendment could cure the pleading deficiencies in their Complaint. As Plaintiffs have had two opportunities to properly plead their claims, the Court concludes that granting further leave to amend would be futile.").

In the Opposition, Plaintiff states that it "intends to include additional factual allegations regarding potential violations of California's Mental Health Parity Act, codified in Health and Safety code section 1374.73, should the Court grant Defendant's motion to dismiss with leave to amend." (Opp. at 25.)  But the court fails to understand why, if Plaintiff had facts to support a claim under the Mental Health Parity Act, they would not have included such allegations and claim in the TAC.  And "[t]he district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).  Therefore, based on the record, as applied to the applicable law, and in the court's discretion, the claims in the TAC are **DISMISSED WITHOUT LEAVE TO AMEND**.

IV.    **Disposition**

For the reasons stated, the Motion is **GRANTED**, and the TAC is **DISMISSED WITHOUT LEAVE TO AMEND**.

_____